UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-1992 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DESERT SANDS VILLAS HOMEOWNERS' ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Desert Sands Villas Homeowners' Association's (the "HOA") motion to dismiss. (ECF No. 11). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 15), and the HOA filed a reply (ECF No. 21).

**I.    Introduction**

This case involves competing interests in the real property at 854 Stainglass Lane in Las Vegas, Nevada 89110 after a nonjudicial HOA foreclosure sale. (ECF No. 11). Notably, BANA's complaint alleges that BANA had attempted tender, which was purportedly refused by an agent of the HOA. (ECF No. 1).

BANA asserts four claims in the present case: (1) Quiet title/declaratory judgment against all defendants; (2) breach of Nevada Revised Statutes ("NRS") § 116.1113 against the HOA and co-defendant Nevada Association Services, Inc. ("NAS"); (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against co-defendant Mr. Chun. (ECF No. 1).

Here, the HOA argues, *inter alia*, that BANA has not complied with NRS 38.310's mediation requirement and that BANA's arguments and allegations in favor of its quiet title claim are insufficient to support the claim. *See* (ECF No. 11).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

**James C. Mahan**
**U.S. District Judge**

- 2 -

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. *Wrongful foreclosure and NRS 116.1113 claims*

This court has previously held that claims of wrongful foreclosure and violation of NRS 116.1113 stemming from bad faith are subject to NRS 38.310's mediation requirement and will be dismissed as unexhausted unless completion of mediation by the parties can be shown by the plaintiff. *See, e.g.*, *Bank of Am., N.A. v. Travata & Montage at Summerlin Ctr.*, No. 2:16-cv-345-JCM-GWF, 2017 WL 936625, at *2–5 (D. Nev. Mar. 9, 2017) ("Moreover, nothing in NRS 38.330 provides that the Nevada Real Estate Division's ('NRED') failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.").

BANA has made no such showing here. *See* (ECF Nos. 1, 15). Therefore, these claims will be dismissed as unexhausted.

#### B. *Injunctive relief as a claim*

Despite BANA's formulation of this request as a claim, injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted); *see also* (ECF No. 1). Therefore, this claim will be dismissed.

#### C. *Quiet title*

BANA asserts the following arguments, allegations, or implications, *inter alia*, in favor of its quiet title claim: (1) NRS chapter 116 creates a violation of due process; (2) BANA incorrectly presumes to have standing to assert a Supremacy Clause challenge based upon the case's potential impact on the Federal Housing Administration ("FHA") insurance program when the FHA is not a party to this case, and its purported interest is not clearly challenged; (3) Nevada allows no other way to satisfy the super-priority lien without explicitly identifying the amount owed on that portion of the HOA lien; (4) the sale was commercially unreasonable simply because the sales price was arguably low; (5) that "[a]ny alleged factual issue concerning actual notice is irrelevant"; and (6) a bankruptcy proceeding's automatic stay applies to the property.

This court has held that NRS 38.310's mediation requirement does not apply to claims for quiet title. *See, e.g.*, *Travata & Montage at Summerlin Ctr.*, 2017 WL 936625, at *2–3. Importantly here, BANA has indicated that it had actual notice of the foreclosure proceedings. *See* (ECF No. 1) (discussing attempted tender).

Next, this court holds that BANA has not shown that it has standing to assert the automatic stay's protection. *See In re Popp*, 323 B.R. 260, 267 (B.A.P. 9th Cir. 2005) (citing *In re Pecan Groves of Arizona*, 951 F.2d 242, 245 (9th Cir. 1991)) ("[T]he automatic stay 'is intended *solely* to benefit the debtor estate.'" (emphasis added)); *see also* (ECF Nos. 1, 15).

The court has confronted BANA's allegations and arguments before, in materially similar circumstances, and found them insufficient to support a claim of superior interest in the real property at issue. *See, e.g.*, *Bank of Am., N.A. v. Valley View Meadows Homeowners Ass'n, Inc.*, No. 2:16-cv-275-JCM-CWH, 2017 WL 2870087, at *4–8 (D. Nev. July 5, 2017); *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, No. 2:16-cv-407-JCM-CWH, 2017 WL 2192968, at *5 (D. Nev. May 18, 2017); *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-00381-JCM-PAL, 2017 WL 1843702, at *5 (D. Nev. May 5, 2017); *see also* Nev. Rev. Stat. § 40.010; *Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-cv-1683-JCM-CWH, 2017 WL 843177, at *12 (D. Nev. Mar. 1, 2017) (discussing the deed-of-trust holder's pre-foreclosure options to prevent a sale).[1] Thus, none of plaintiff's claims, as they are currently asserted, survive the HOA's motion to dismiss.[2] *See* (ECF No. 1).

### IV. Conclusion

In sum, the HOA's motion to dismiss will be granted (ECF No. 11), and all of BANA's claims—in their current iteration—will consequently be dismissed (ECF No. 1). This order does

---

[1] Although the instant motion is one for dismissal and not summary judgment, the court finds that the content of the complaint merits no deviation from previous rulings' implications regarding the practical pleading requirements in the context of a non-judicial HOA foreclosure sale where plaintiff's actual notice of the sale is apparent from the complaint. *See* (ECF No. 1).

[2] This court will not consider BANA's request for leave to amend. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

**James C. Mahan**
**U.S. District Judge**

1  not resolve the claims asserted in Nevada New Builds, LLC's counterclaim against BANA (ECF
2  No. 13).
3      Accordingly,
4      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to
5  dismiss (ECF No. 11) be, and the same hereby is, GRANTED without prejudice.
6      DATED July 26, 2017.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**