UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-1992 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| DESERT SANDS VILLAS HOMEOWNERS' ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("plaintiff") motion for reconsideration. (ECF No. 37). Defendant Nevada New Builds, LLC ("NNB") filed a response (ECF No. 40), to which plaintiff replied (ECF No. 41).

**I.      Facts**

This case involves a dispute over real property located at 854 Stainglass Lane, Las Vegas, Nevada, 89110 (the "property"). (ECF No. 1).

In April of 2008, Lidia Vivar purchased the property. *Id.* Vivar obtained a loan in the amount of $88,609 from Direct Equity Mortgage, LLC to purchase the property. *Id.* The loan was secured by a deed of trust recorded on April 25, 2008. *Id.* On January 19, 2012, the deed of trust was assigned to "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP," via an assignment of deed of trust.[1] (ECF No. 30-3).

_____

[1] The deed of trust was subsequently assigned to various other entities before plaintiff ultimately regained its interest in the deed of trust on October 6, 2017. (ECF No. 30-6). *See* (ECF No. 30-4, 30-5).

On June 18, 2012, Nevada Association Services ("NAS"), acting on behalf of Desert Sands Villas Homeowners Association ("the HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,750.25. (ECF No. 30-7). On August 15, 2012, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,854.14. (ECF No. 30-8).

On September 13, 2012, plaintiff requested a ledger from the HOA, through NAS, that identified the super-priority amount owed to the HOA. (ECF No. 30-10). Neither the HOA nor NAS provided a ledger. *Id.* Based on a ledger from a different property in the same housing development, plaintiff sent NAS a check for $1,889.67 on October 25, 2012, which represented plaintiff's calculation of nine months of common assessments on the property, plus its calculation of "reasonable collection costs." (ECF No. 37). NAS refused the payment. *Id.*

On March 27, 2013, NAS recorded a notice of foreclosure sale, stating an amount due of $4,867.44. (ECF No. 30-9). On August 23, 2013, the HOA foreclosed on the property. (ECF No. 30). NNB purchased the property at the foreclosure sale for $6,000. (ECF No. 30-11). A foreclosure deed in favor of NNB was recorded on August 26, 2013. *Id.* Thereafter, NNB transferred its interest in the property to defendant Wesley Chun ("Chun") via a deed of sale, recorded on November 13, 2014. (ECF No. 30-14).

Plaintiff initiated this action on August 22, 2016, alleging four causes of action: (1) quiet title/declaratory judgment; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (ECF No. 1). On October 14, 2016, NNB and Chun filed counterclaims against plaintiff for quiet title, cancellation of instruments, and injunctive relief. (ECF No. 13).

On July 26, 2017, the court granted the HOA's motion to dismiss, thereby dismissing all claims against it. (ECF No. 29). Finally, on May 23, 2018, the court denied plaintiff's motion for summary judgment. (ECF No. 36). Plaintiff now moves for reconsideration of the court's May 23, 2018, order, based upon an intervening change in controlling case law from the Nevada Supreme Court. (ECF No. 37).

. . .

. . .

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

Plaintiff argues that the court should reconsider its prior order and hold that its deed of trust still encumbers the property because it properly tendered the superpriority portion of the HOA's lien. *See* (ECF No. 37). In light of the Nevada Supreme Court's ruling in *Bank of America*, the court agrees. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018).

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the

HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when plaintiff sent a check for nine months of assessments to NAS, it properly tendered the superpriority portion of the lien. Indeed, it makes no difference that plaintiff relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as plaintiff tendered an amount that undisputedly represented more than nine months of assessments. *See id*. at 118. *See also Tyrone & In-Ching, LLC v. U.S. Bank, N.A*., 430 P.3d 533 (Nev. 2018); *NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"). In light of the foregoing, the court finds that plaintiff is entitled to judgment as a matter of law on its quiet title claim, and therefore plaintiff's deed of trust continues to encumber the property. *See* (ECF No. 52).

Because plaintiff has received the relief it requested, the court will dismiss as moot plaintiff's remaining causes of action. *See Bank of Am., N.A. v. Falcon Point Ass'n*, 2018 U.S. Dist. LEXIS 167719, *21-22 (D. Nev. Sept. 28, 2018). Additionally, the court must necessarily dismiss all remaining counterclaims against plaintiff.

**IV. Conclusion**

As a result of the foregoing, plaintiff has demonstrated that it is entitled to judgment as a matter of law on its quiet title claim. Accordingly, plaintiff's deed of trust continues to encumber the property. No other relief is granted, and all other claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall prepare, within thirty (30) days from the date of this order, a proposed judgment that is consistent with the foregoing and that is suitable for plaintiff to record with the Clark County recorder's office.

IT IS SO ORDERED.

DATED May 10, 2019.

_____
UNITED STATES DISTRICT JUDGE